UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ASIPI AL,

       Plaintiff,

                                           Civil Action 2:16-cv-407
    v.                                 Judge Algenon L. Marbley
                                        Magistrate Judge Elizabeth P. Deavers

TIMOTHY HORTON, *et al.,*

       Defendants.


## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

      Plaintiff, Asipi Al, an Ohio citizen who is proceeding without the assistance of counsel, brings this Petition for a Writ of Mandamus against Franklin County Court of Common Pleas Magistrate Timothy Horton, Karen Lee, and Kyle E. Timken (collectively "Defendants"), all of whom are Ohio citizens.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).  This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to assert any claim over which this Court has subject matter jurisdiction.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > \*     \*     \*
>
> > (B) the action or appeal--
>
> > > (i) is frivolous or malicious;
>
> > > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or

---

[1]Formerly 28 U.S.C. § 1915(d).

treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

According to the Complaint, Defendants were involved in various capacities in a foreclosure action in the Ohio state courts regarding certain property located in Franklin County, Ohio. (ECF No. 1-1 at 3, 6-8.) Plaintiff asserts that Defendant Magistrate Horton lacked jurisdiction over the foreclosure action. (*Id.* at 8-9.) Plaintiff, therefore, seeks a Writ of Mandamus from this Court compelling Defendant Magistrate Horton to overturn his prior ruling and find for Plaintiff in the state foreclosure action. (*Id.* at 9.) Plaintiff, however, does not assert any claims against Defendants Lee and Timken, nor does he state any factual allegations from which the Court could construe any cognizable cause of action.

## III.

### A. THE ROOKER-FELDMAN DOCTRINE

The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Pursuant to the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 F. App'x. 607, 608–09 (6th Cir. 2008) (citations omitted). Accordingly, the Court will not have jurisdiction "'when a [party] asserts before a federal district court that a state court judgment itself was unconstitutional or in

violation of federal law.'" *Sturgis v. Hayes*, 283 F. App'x. 309, 314 (6th Cir. 2008) (quoting *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006)). In the instant case, a state court judgment has already been entered. Specifically, the Court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the August 21, 2013 Judgment Entry in the state court proceeding *Wells Fargo Bank NA v. Parrish*, No. 12-CV-3792 (Franklin County Court of Common Pleas).[2] *See Wells Fargo Bank, NA v. Parrish*, 2015-Ohio-4045, ¶ 7, No. 15-AP-243, 2015 WL 5772207 (Ohio App. 2015) (confirming trial court's Judgment Entry), *appeal not allowed sub nom. Wells Fargo Bank, N.A. v. Parrish*, 2016-Ohio-172, ¶ 7, 144 Ohio St. 3d 1462, 44 N.E.3d 289 (Ohio 2016). Plaintiff's action here is an attempt to appeal the final state court judgment in a federal forum. Consequently, the Undersigned finds that the *Rooker-Feldman* doctrine applies, and the Court lacks subject matter jurisdiction over Plaintiff's claims.

## B. FEDERAL-QUESTION JURISDICTION

Although Plaintiff cites in his filing the 1878 Treaty of Peace and Friendship between the United States and Morocco and Plaintiff's Moroccan heritage, (*Id*. at 5-6), Plaintiff's Complaint does not contemplate any cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Foreclosure actions relying exclusively upon state law do not arise under the laws, Constitution, or Treaties of the United States. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). The foreclosure action underlying this matter arises under the laws of the state of Ohio and concerns property located in Franklin County, Ohio. (ECF No. 1-1 at 3-4.) Plaintiff makes no factual or legal assertions in his Complaint that

---

[2] State court proceedings, which are a matter of public record, meet Rule 201(b)'s criteria. Fed. R. Evid. 201. Consequently, pursuant to Rule 201(c), the Court may take judicial notice of the state court proceedings. *Id.*

suggest otherwise.  The Undersigned finds, therefore, that this Court lacks federal-question jurisdiction under 28 U.S.C. § 1331 to entertain Plaintiff's suit.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

## C.  DIVERSITY JURISDICTION

Neither can Plaintiff invoke diversity jurisdiction in this matter because he indicates on his Civil Cover Sheet that both he and Defendants are citizens of Ohio.  (ECF No. 1-1 at 2.)  In the absence of complete diversity of parties, Plaintiff's Complaint cannot invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *Caterpillar, Inc.* v. Lewis, 519 U.S. 61, 68 (1996).  The Undersigned finds, therefore, that this Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a) to entertain Plaintiff's suit.

## IV.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim over which this Court has subject matter jurisdiction.  Accordingly, the Undersigned finds that Plaintiff has not made out viable claims upon which relief may be granted against any of the named defendants.  It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date: May 10, 2016                             */s/ Elizabeth A. Preston Deavers*
                                                 ELIZABETH A. PRESTON DEAVERS
                                                 UNITED STATES MAGISTRATE JUDGE